Ashby v. Greenslate.

---

W. H. ASHBY ET AL. V. DAVID GREENSLATE ET AL.

[FILED SEPTEMBER 17, 1890.]

Replevin: WIFE'S PROPERTY: INCUMBRANCE BY HUSBAND. In an action of replevin based on an agreement of the husband for the sale or incumbering of personal property, the testimony showed that the wife was the owner of the property and that the hus-

band had no authority to sell or incumber the same.  *Held*, That a verdict in favor of the wife for the value of the property was right and should be sustained.

ERROR to the district court for Gage county.  Tried below before BROADY, J.

*Griggs & Rinaker*, for plaintiffs in error.

*L. M. Pemberton, contra.*

MAXWELL, J.

This is an action of replevin brought by the plaintiffs against the defendants to recover the possession of the following described property, to-wit: "Seventeen bedsteads, seventeen bed-springs, seventeen wool mattresses, two husk mattresses, seventeen washstands, twelve wooden chairs, and one Charter Oak range cooking stove with all its furniture, also one Mosler, Bohman & Co. fire proof safe."

The answer is a general denial.

On the trial of the cause the jury returned a verdict as follows:

"We, the jury duly impaneled and sworn in the above entitled case, find the right of property and the right of possession at the commencement of the action of a part of the said property, consisting of all but the safe, to be in the said defendants, and assess the value of the goods at $375, and assess defendant's damages at $10, and we, the jury, further find the right of property and right of possession of the safe in the plaintiffs."

A motion for a new trial having been overruled, judgment was entered on the verdict.

The plaintiffs' right to recover is based on the following agreement:

"This agreement, made this January 31st, 1882, between David Greenslate, of the first part, and W. H. Ashby and Samuel Wymore, of the second part, witnesseth: That for

the consideration of the covenants of the said Ashby and said Wymore, hereinafter contained, the said Greenslate sells and conveys to the said Ashby and said Wymore lots 11 and 12, in block 28, in the town of Wymore, Gage county, Nebraska; and he hereby assigns the lease of the said premises to S. W. Jacobs to the said Ashby and Wymore; and said Greenslate also sells to the said Ashby and Wymore all the personal property, goods, and chattels, furnitures and fixtures now in said hotel on said premises, except such as belong to S. W. Jacobs, and warrants the title to the same; and the said Ashby and Wymore agree, in consideration of the performing of the foregoing agreements on the part of said Greenslate, or to his order, at any time after April 10, 1882, to convey lots 4, 5, 6, 7, 8, and 9, in block 15, in Ashby's addition to the town of Wymore, Gage county, Nebraska, and also to convey to said Greenslate, or order, on demand, the north one-half of lot 5, in block 26, in Wymore's addition to the town of Wymore, Gage county, Nebraska; and said Ashby and Wymore are to assume the payment of the claim of Jones & Magee against the conveyed premises for $235, and the said Ashby and Wymore are to pay said Greenslate, on demand, at any time after ten days, $500; and said Greenslate covenants and agrees that there are no claims against said property except the lien of Jones & Magee aforesaid, and agrees that if there shall turn out to be any claims against said property not now mentioned, that said Ashby and Wymore shall pay the same out of the said $500 to secure themselves, and that shall be held to be the payment for that amount on said $500.

"Witness, this 31st day of January, 1882.

"DAVID GREENSLATE.
"W. H. ASHBY.
"SAMUEL WYMORE.

"In presence of
"DANIEL McGUIRE."

The testimony shows beyond question that the property in controversy, although included in the above agreement, which was signed by David Greenslate, the husband, was nevertheless the property of his wife, and that he had no authority to sell or incumber the same. This being the state of the proof, no other verdict than one in favor of the wife could be sustained.

It is unnecessary to examine at length the various errors assigned. There is no material error in the record and the judgment is

AFFIRMED.

THE other judges concur.